Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000823
07-JAN-2013
08:52 AM

NO. CAAP-11-0000823

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


KAUAI COMMUNITY FEDERAL CREDIT UNION,
Plaintiff-Appellee,
v.
JACOB M. PIA,
Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. RC 11-1-0500)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant Jacob Mililani Pia (Pia) appeals from the (1) August 3, 2011 Writ of Possession, (2) August 3, 2011 Judgment for Possession, (3) October 17, 2011 "Order Denying Defendant Jacob M. Pia's Motion for Reconsideration or New Trial Filed on August 12, 2011" (4) October 17, 2011 Writ of Possession, and (5) October 17, 2011 Judgment for Possession all entered in the District Court of the Fifth Circuit[1] (district court). The district court entered judgment in favor of Plaintiff-Appellee Kauai Community Federal Credit Union and against Pia.

---

[1] The Honorable Edmund D. Acoba presided.

On appeal Pia contends the district court erred in denying Pia's motion for reconsideration because the district court lacked subject matter jurisdiction under Hawaii Revised Statutes (HRS) § 604-5(d) (Supp. 2011) and District Court Rules of Civil Procedure (DCRCP) Rule 12.1.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Pia's appeal is without merit.

Pia contends the district court lacked subject matter jurisdiction under HRS § 604-5(d) and DCRCP Rule 12.1 inasmuch as the action concerns a title dispute.

Under HRS § 604-5(d) the district court lacks subject matter jurisdiction over matters of title to real estate. Under DCRCP Rule 12.1, defendants may raise a title dispute as a defense. DCRCP Rule 12.1 sets out requirements to prevent abuse of this defense. Deutsche Bank Nat'l Trust Co., v. Peelua, 126 Hawai'i 32, 36, 265 P.3d 1128, 1132 (2011).

Pia's affidavit and attached exhibits failed to satisfy the DCRCP Rule 12.1 requirements for raising an issue of title. Rule 12.1 requires a defendant to provide an affidavit stating the "source, nature, and extent of the title claimed by defendant" and "further particulars as shall fully apprise the court of the nature of the defendant's claim." DCRCP Rule 12.1. The purpose of the affidavit is to provide the court with information to discern the interest claimed by the defendant. Peelua, 126 Hawai'i at 37, 265 P.3d at 1133. Bare assertions are insufficient to sustain a claim that title is at issue so as to divest the district court of jurisdiction. Id. at 38, 265 P.3d at 1134. Pia's affidavit did not describe the source, nature, or the extent of title claimed by Pia.

Furthermore, even if Pia's assertions had merit, they were not made in a timely manner. They were not made until after judgment was entered.

> [T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion. Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.

Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawaiʻi 97, 110, 58 P.3d 608, 621 (2002) (quoting Sousaris v. Miller, 92 Hawaiʻi 505, 513, 993 P.2d 539, 547 (2000)).

Therefore,

IT IS HEREBY ORDERED that the (1) August 3, 2011 Writ of Possession, (2) August 3, 2011 Judgment for Possession, (3) October 17, 2011 "Order Denying Defendant Jacob M. Pia's Motion for Reconsideration or New Trial Filed on August 12, 2011" (4) October 17, 2011 Writ of Possession, and (5) October 17, 2011 Judgment for Possession all entered in the District Court of the Fifth Circuit are affirmed.

DATED: Honolulu, Hawaiʻi, January 7, 2013.


On the briefs:

Keoni K. Agard
Dexter K. Kaiama
for Defendant-Appellant.

Sherman Shiraishi
and
Wayne Nasser
Gary P. Quiming
(Ashford & Wriston)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge